# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEYNTE J. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 18-cv-2266-JBM |
| | ) |
| BRIAN CORNETT, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging excessive force during his arrest, and deliberate indifference to his serious medical needs at the Vermilion County Public Safety Building ("Jail").  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges, without preamble, that on May 29, 2018, Defendant Commander Yates and Officer Thompson advised Plaintiff that he would be shot if he ran.  Plaintiff, nonetheless ran, and Defendant Cornett sent a dog after him. Plaintiff alleges that the dog bit him in the hand, arm and leg.  He asserts that Defendant Cornett had the opportunity but did not call off the dog. He claims, instead, that Defendant "made the dog mad by shocking the dog's head..."  Plaintiff

1

alleges that Defendant Crawley was present at the scene but did nothing to stop the use of excessive force.

While it is unclear, it appears that Plaintiff was taken to Carle Hospital where, he complains, he did not receive an x-ray of his hand. Plaintiff does not assert any claims against hospital personnel but alleges that when he was brought to the Vermilion Public Safety Building ("Jail"), Nurse Shelley would not order a hand x-ray or physical therapy. Plaintiff claims that he has carpal tunnel syndrome, bruising and discoloration of the hand.

As Plaintiff is a pretrial detainee, his deliberate indifference and excessive force claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, (2nd Cir. 2017). Fourteenth Amendment medical and excessive force claims are reviewed under an objective reasonableness standard. A Plaintiff need establish only that the defendant's conduct was *objectively* unreasonable, not that defendant was *subjectively* aware that it was unreasonable. *See Miranda v. Lake*, 900 F.3d 335 (7th Cir. 2018) at *9, citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2466. (Emphasis in original).

While Plaintiff alleges that Defendants Yates and Thompson threatened to shoot him if he ran, they did not do so and cannot be found to have acted unreasonably in verbally threatening a suspect fleeing to avoid arrest. Plaintiff, similarly, fails to state a claim merely because a police dog was set upon him to prevent his escape. "The question in Fourth Amendment excessive use of force cases is 'whether the officers' actions are objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Tilson v. City of Elkhart, Ind.*, 317 F. Supp. 2d 861, 866–67 (N.D. Ind. 2003), *aff'd*

*sub nom. Tilson v. City of Elkhart, Ind.*, 96 Fed. Appx. 413 (7th Cir. 2004) (internal citation omitted). *See Id.* (no excessive force where fleeing subject was bitten by police dog).

Here, Plaintiff claims that Defendant Cornett engaged in excessive force by enticing the dog to bite him. Plaintiff does not allege, however, that he suffered additional injury due to this enticement.

As to Defendant Crawley, Plaintiff claims that he failed to intervene to stop the attack by the dog. A prison official may be liable under § 1983 for failing to intervene if he "has a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right but fails to do so..." *Bey v. Pollard*, 13-952, 2014 WL 5460439, at *4 (E.D. Wis. Oct. 27, 2014) (internal citations omitted). While Plaintiff claims that Defendant Crawley was present at the scene, he does not assert that Defendant had a realistic opportunity to intervene to prevent any further injury.

While Plaintiff alleges that Nurse Shelley did not order x-rays or physical therapy, he does not claim that she had the authority to do so. In the Court's experience, a nurse's scope of practice does not include the ordering of diagnostic testing and treatment. This, particularly, as Plaintiff was apparently first seen at Carle Hospital where staff did not feel it necessary that he undergo an x-ray. Here, Plaintiff fails to plead any reckless conduct by Defendant Shelly which would amount to deliberate indifference. *See Snipes v. Detella*, 95 F.3d 586, 590-591 (7th Cir. 1996) (Plaintiff's mere disagreement with the offered treatment is not enough to support deliberate indifference).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order

in which to replead his claims against Defendants Cornett and Crawley. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

    2.    Defendants Yates, Thompson and Shelly are DISMISSED.

_3/26/2019_  
ENTERED

          s/Joe Billy McDade  
          JOE BILLY McDADE  
    UNITED STATES DISTRICT JUDGE