E-FILED
Thursday, 25 July, 2019  04:49:43 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEYNTE J. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 18-cv-2266-JBM |
| | ) |
| BRIAN CORNETT, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint alleging excessive force and failure to intervene at the time of his arrest, as well as deliberate indifference to his serious medical needs at the Vermilion County Public Safety Building ("Jail") and Carle Hospital. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges, without preamble, that on May 29, 2018, Vermilion Defendant Commander Yates and Defendant Officer Cornett pulled guns on Plaintiff and advised him that he would be shot if he ran. Plaintiff, nonetheless ran, and Defendant Cornett sent a dog after him. Plaintiff alleges that the dog took him down by his leg, hand and arm. He claims that

1

Defendant Cornett had the opportunity to call off the dog but did not do so. Plaintiff alleges that Defendant Crawley was standing next to Plaintiff while he was being bitten and did nothing to stop it.

Plaintiff was taken to Carle Hospital where he received stitches in his leg and arm. Plaintiff asserts that there was also something wrong with his hand. He does not, however, disclose the issue with his hand and does not particularly plead that he told any Defendant of the issue with his hand. Plaintiff does, however, request injunctive relief "to have his hand looked at and fixed."

Plaintiff was seen in the Jail health care unit the following day, May 30, 2018. There, Defendant Nurse Shelley examined his stitches and told Plaintiff that she would send him to "Aunt Martha" (reference not otherwise explained), to have the stitches removed. Plaintiff claims, without further explanation, that an unidentified doctor told Nurse Shelley that Plaintiff would need x-rays and physical therapy. Plaintiff also claims that he had to undergo a five-month course of antibiotics, presumably as a result of the dog bites.

As Plaintiff is a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, (2nd Cir. 2017). Fourteenth Amendment medical and excessive force claims are reviewed under an objective reasonableness standard. A Plaintiff need establish only that the defendant's conduct was *objectively* unreasonable, not that defendant was *subjectively* aware that it was unreasonable. *See Miranda v. Lake*, 900 F.3d 335 (7th Cir. 2018) at *9, citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2466. (Emphasis in original).

Plaintiff alleges, without support, that Defendant Yates violated his Fourth and Eighth amendment rights by threatening to shoot him if he moved. Plaintiff pled in his original

2

complaint that this statement was made as he was fleeing to avoid arrest. As the Court noted in its prior merit review order, Plaintiff offered nothing to support that verbal threats to stop a fleeing suspect violate the Constitution. As Plaintiff merely repeats this claim here, it is again DISMISSED.

If Plaintiff is claiming that Defendants are liable for setting the police dog on him, this too fails. As the Court previously explained, the mere sending of a dog after a fleeing suspect does not violate the Constitution. "The question in Fourth Amendment excessive use of force cases is 'whether the officers' actions are objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *See Tilson v. City of Elkhart, Ind.*, 317 F. Supp. 2d 861, 866–67 (N.D. Ind. 2003), *aff'd sub nom. Tilson v. City of Elkhart, Ind.*, 96 Fed. Appx. 413 (7th Cir. 2004) (defendants not liable for excessive force where fleeing subject was bitten by police dog).

Plaintiff claims, further, that Defendant Cornett engaged in excessive force by allowing the dog to "keep biting" his arm. He claims that Defendant Crawley was next to him and failed to intervene to stop the dog. To be liable for failure to intervene, a defendant must have known of the unconstitutional conduct; had a realistic opportunity to prevent the harm; failed to take reasonable steps to prevent the harm; and that the failure actually caused harm to plaintiff. *Watkins v. Ghosh*, No. 11- 1880, 2014 WL 840949, at *3 (N.D. Ill. Mar. 4, 2014) (internal citation omitted).

Here, Plaintiff provides no detail as to how many times he was bitten, at what point he believes Defendants Cornett or Crawley should have intervened, whether Defendants had a realistic opportunity to intervene and whether he would have sustained less damage had they intervened. Plaintiff does not, for instance, allege that he was compliant and the police dog

3

continued to bite him. *See Johnson v. Scott*, 576 F.3d 658, 660 (7th Cir. 2009). "It is well established that a police officer may not continue to use force against a suspect who is subdued and complying with the officer's orders. But that principle depends critically on the fact that the suspect is indeed subdued." Internal citations omitted.

Plaintiff also fails to plead that Defendants Cornett and Crawley had a realistic opportunity to prevent any further dog bites to Plaintiff. *See Johnson*, 576 F.3d at 660 (officer did not have realistic opportunity to call off police dog who was at a distance from him, when the suspect surrendered only one second or so prior to the dog engaging him). As a result, Plaintiff does not indicate whether the harm he suffered was in response to his initial attempts to flee or Defendants' failure to intervene. The claim against Defendants Cornett and Crawley is DISMIISSED, though Plaintiff will be given a final opportunity to replead against them.

Plaintiff also asserts a deliberate indifference claim against Jail Nurse Shelly, Carle Hospital, Carle Nurse Practitioner Bryan Bolser, and a Carle Hospital Jane Doe Nurse. Plaintiff has only pled, however, a vague "problem" with his hand. He has not indicated the nature of the problem, has not pled that he disclosed it to the medical Defendants, and has not pled that they were deliberately indifferent in the face of it. As to Nurse Shelley, Plaintiff only claimed that "a doctor" told her Plaintiff would need x-rays and physical therapy. He does not identify the physician who made this statement and does not indicate whether the recommended treatment was to his hand, arm or leg. This claim is DISMISSED and Plaintiff will be given a final opportunity to replead his claim against Defendant Shelly.

Plaintiff's claims against the Carle Hospital, N.P. Bolser, and a Carle Hospital Jane Doe Nurse lack any detail whatsoever. Plaintiff claims only that he was treated at the hospital and had "a problem" with his hand. A claim does not rise to the level of an Eighth Amendment

4

issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir.1996). Plaintiff fails to plead a colorable deliberate indifference claim and asserts facts too devoid of detail to place Defendants on notice of the claims against them. *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 283 F.3d 867, 872 (7th Cir.2002), quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001) ("the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim.")

In addition, Plaintiff has named a private hospital and staff members without asserting that any were acting under color of law when they allegedly harmed him. *Brandenberger v. Norfolk S. R. Co.*, No. 10-117, 2010 WL 2346339, at *1 (N.D. Ind. June 7, 2010) (internal citation omitted). If the alleged infringement is not "fairly attributable to the State" there is no action under §1983. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982). While § 1983 may be asserted against private entities, this is only in cases where those private entities have exercised government power. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). A private entity's conduct can be considered state action only if there is a sufficiently close nexus between the state and the private conduct so that the action "may be fairly treated as that of the State itself." *Wade v. Byles*, 83 F.3d 902, 904-05 (7th Cir. 1996) (internal citations omitted). Here, Plaintiff identifies no such nexus and his claim against Carle Hospital and its staff is DISMISSED, though Plaintiff will have an opportunity to replead.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have a final opportunity, within 30 days, to replead his claims. The pleading is to be captioned Second Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading and is to comport with the instructions given by the Court. Failure to file an amended complaint will result in the dismissal of this case for failure to state a claim.

 7/25/2019  
ENTERED

                                         s/Joe Billy McDade  
                                         JOE BILLY McDADE  
                                  UNITED STATES DISTRICT JUDGE